BASS *et al. v.* HIGHTOWER.

A defendant in an action of trover requiring bail, cannot be discharged from legal imprisonment on the ground of his inability to produce the property sued for or to give bond and security according to law, without pursuing the remedy pointed out in §3420(a) of the code. He cannot obtain his discharge for this cause on petition for the writ of *habeas corpus;* and at the hearing, on the return of such writ, evidence to show the existence of such cause is inadmissible, notwithstanding the facts relied upon may be alleged in the petition for the writ, and notwithstanding the plaintiff in the action of trover may have voluntarily appeared on the hearing of the writ and had himself made a party to the proceeding. The hearing could be conducted only in conformity to the law applicable to proceedings by *habeas corpus*, whether the judge who issued and heard the writ was the judge of the court in which the action of trover was pending, or some other judicial officer empowered to issue and entertain jurisdiction over writs of *habeas corpus*.
June 11, 1894.                              *Judgment reversed.*

*Habeas corpus.* Before Judge JONES. City court of DeKalb county. February 7, 1894.

Bass sued Hightower in the city court of DeKalb county, for the recovery of certain cattle and currency, and made bail affidavit. Hightower was served, and failing to give bond or to produce the property, the sheriff, being unable to find any of it except four head of the cattle, committed him to jail. He thereupon brought a petition to the judge of said court for the writ of *habeas corpus*, alleging that he was illegally restrained of his liberty, that he had delivered to the sheriff all the cattle in his possession and control, and was unable to give security or produce the property as required by law, for which he could show good cause, etc. The writ was issued, and the matter coming on to be heard, defendant moved to dismiss the petition, on the grounds that the allegations did not entitle peti-

tioner to the writ and would not authorize his discharge from custody; and that his remedy, if any, was not by this writ but under the code, §3420(a). The motion was overruled, and Bass, having been made a party defendant to the proceeding, objected to the evidence offered in support of the petition, on the ground that it was illegal and irrelevant. The objection was overruled; and after hearing evidence, the court rendered judgment discharging Hightower from custody. Defendants excepted.

Glenn & Maddox, for plaintiffs in error.